IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR OLIVAS,

    Plaintiff,

v.                                                                                                                                                 No. 1:22-cv-0746-KWR-GBW

LAUREN TRUITT, *et al*,

    Defendants.

### ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Hector Olivas' failure to prosecute his Letter-Petition Regarding State Conviction (Doc. 1) (Letter-Petition). Olivas is incarcerated and proceeding *pro se*. In the Letter-Petition, he requests a "civil lawsuit package" but also appears to raise habeas claims. Olivas alleges his state criminal counsel was ineffective and that police violated his constitutional rights. By an Order entered November 1, 2022, the Court explained the difference between habeas petitions and civil rights claims. *See* Doc. 3 (Cure Order). Olivas was advised that the "proper vehicle for a challenge to the validity of a conviction or sentence" is "[a] proceeding under [28 U.S.C.] § 2254," and the filing fee for such action is $5.00. *See Naves v. Bigelow,* 565 Fed. App'x 678, 679 n. 1 (10th Cir. 2014). Olivas was further advised that if he seeks damages from a police officer based on the manner of his arrest, he must file a civil rights complaint and pay a $402 filing fee. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (inmates must file a civil rights action to obtain money damages based on a violation of constitutional rights).

    The Clerk's Office mailed Olivas a blank 28 U.S.C. § 2254 petition, a blank civil rights complaint, and a blank *in forma pauperis* motion. The Court fixed a deadline of December 1, 2022 for Olivas to elect a remedy, address the filing fee, and return the appropriate form pleading.

The Cure Order warned that the failure to comply with both directives (*i.e.,* return a completed pleading <u>and</u> address the relevant filing fee) will result in dismissal of this case without further notice.

Olivas did not comply with the Cure Order. Instead, he filed a second letter stating he wishes to "get some answers to some very important questions … regarding the arresting officer…" in his state criminal case. Doc. 4 at 1. The letter acknowledges receipt of the Clerk's Office mailing but states Olivas does not understand the blank pleadings. *Id.* The letter also alleges an officer committed perjury, which resulted in improper criminal charges, and requests information regarding that issue. *Id.* at 2-4. The "Court [cannot] … give legal advice." *Kruskal v. Martinez*, 859 Fed. App'x 336, 338 (10th Cir. 2021). Courts can only rule on legal claims where the litigant seeks a specific remedy (*i.e.,* a shorter sentence, a release from custody, money damages, etc). Because Olivas did not file a claim or address the filing fee as directed, the Court will dismiss this action pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The dismissal is without prejudice to filing a new case. If Olivas still seeks relief such as a release from custody or sentence reduction based on defects in the state criminal investigation (*i.e.*, he alleges is actually innocent, or there was insufficient evidence to support the criminal charges), he must return the completed form § 2254 petition and address the $5.00 habeas filing fee in a separate case.

**IT IS ORDERED** that Plaintiff Hector Olivas' Letter-Petition Regarding State Conviction (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE**; and the Court **SHALL ENTER** a separate judgment **CLOSING** the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**